## KNOX v. THE POLICE JURY OF WEST BATON ROUGE.

One who has constructed a levée on the lands of an absentee, under an adjudication made by the police jury, which has been accepted by the inspector, in case of the lands not selling for the amount of the adjudication and of there being no other property of the absentee within the parish, may recover the balance from the police jury.

APPEAL from the District Court of West Banton Rouge, *Nickolls*, J. *Elam*, for the appellant. *Brunot* and *Bennett*, for the defendants. The judgment of the court was pronounced by

ROST, J, The police jury of West Baton Rouge caused to be sold to the lowest bidder, the making of a new levée and road, in front of a tract of land belonging to *L. Dupuy*, an absentee. *Edward Brady* and *William McGrovan* became the contractors, for $3000, and gave bond and security, to the satisfaction of the inspector of roads and levées. for the faithful performance of the contract. The work was completed in due time, and accepted by the inspector. *Dupuy* having failed to pay, an order of seizure was issued against the land, which was sold for $15. The plaintiff having subsequently purchased the claim of the contractors, called upon the police jury to pay it, and, and on their refusal to do so, this suit was instituted. The defence is a general denial and a special plea that the defendants are not legally bound to pay for making the levée, as it is not only erected for the good and protection of the parish of West Baton Rouge, but also to protect a great extent of territory, within the State, and beyond the limits of the parish. The case was tried before a jury, and a verdict obtained by the plaintiff for $700 and interest. He has appealed.

The authority of the inspector is not denied in the answer. The allegations of the defendants that they erected the levée not only for the good and protection of the parish of West Baton Rouge, but also to protect a much greater extent of territory, is inconsistent with the other facts of the answer. The adjudication is proved as alleged. It is in evidence that the land was sold judicially for the sum of $15. It is admitted that *Dupuy* is an absentee, and there is no evidence that he has other property in the parish. Under the decisions of this court in the cases of *Morgan v. Police Jury of Pointe Coupée*,

11 La. p. 157, *O'Brien* v. *Police Jury of Concordia*, 2d An. 355, and *Michel* KNOX
v. *Police Jury of West Baton Rouge*, 3d An. 123, the defendants are bound to *v.*
pay the price of the adjudication. POLICE JURY.

It is, therefore, ordered that the judgment in this case be reversed, and that
there be judgment in favor of the plaintiff for $2,985, with legal interest from
the 6th of October, 1845, and costs in both courts.